# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 03-355 |
| DERRICK CHRIS GUYOT | SECTION "L" |

## ORDER & REASONS

Derrick Chris Guyot, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. R. Doc. 666. Defendant Guyot argued that the residual clause of the career offender guideline enhancement, U.S.S.G. §§ 4B.1.1 and 4B1.2, is unconstitutionally vague. R. Doc. 666 at 1-2; R. Doc. 669 at 4. Judge Duval referred the Motion to Vacate to the Screening Committee ("Johnson Screening Committee"), which was formed to deal with the issues raised by the recent opinion in *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Screening Committee found that Guyot's former convictions are not eligible for relief. R. Doc. 672 at 1. However, the Government moved to stay Guyot's § 2255 proceedings pending a decision by the Supreme Court in *Beckles v. United States*, 137 S.Ct. 886 (2017). R. Doc. 673. The screening panel stated that it would review Guyot's case again if the Supreme Court decision was favorable. R. Doc. 672 at 2. In *Beckles*, the Supreme Court held that *Johnson* vagueness challenges do not extend to advisory Sentencing Guidelines. 137 S.Ct. at 897. Having reviewed the Screening Committee's Report, the parties' briefs, and the applicable law, the Court now issues this Order & Reasons.

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 131 S. Ct. 2267 (2015). The Supreme Court declared the residual clause of the ACCA, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague,"

because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States,* 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011). Further, the Supreme Court in *Welch* held that the new rule announced in *Johnson* is substantive and has retroactive effect under *Teague* in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). However, in *Beckles* the Supreme Court limited application of *Johnson* to the ACCA's residual clause. 137 S.Ct. at 897. There, the Supreme Court held that *Johnson* vagueness challenges do not apply to advisory Sentencing Guidelines. *Id.*

In light of *Beckles*, and as found by the Sentencing Committee, Mr. Guyot is not eligible for a sentence reduction under 28 U.S.C. § 2255. Therefore,

**IT IS ORDERED** that Guyot's Motion to Vacate, R. Doc. 666, is hereby **DENIED**.

New Orleans, Louisiana this 18th day of September, 2017.

**UNITED STATES DISTRICT JUDGE**