| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 03-355** |
| **DERRICK CHRIS GUYOT** | **SECTION "L"** |

## ORDER & REASONS

Before the Court is a motion to reconsider filed by Defendant Derrick Guyot. R. Doc.

706. After reviewing the law, Defendant's motion, and the record, the Court is ready to rule.

### I.   BACKGROUND

On November 28, 2012, Defendant Derrick Guyot was sentenced to a below Guidelines

range sentence of 216 months in custody followed by a five year term of supervised release after

having pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Five

Kilograms or More of Cocaine Hydrochloride, and 50 grams or more of Cocaine Base in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), a Class A felony.

Defendant's sentence was based on his "Type C" plea agreement with the Government,

which the Court accepted at sentencing. Under Federal Rule of Criminal Procedure 11(c)(1)(C),

commonly referred to as Type-C agreements, a defendant and the Government may "agree that a

specific sentence or sentencing range is the appropriate disposition of the case," and accepting

such an agreement "binds the court" to the agreed-upon sentence. In this case, Defendant's plea

agreement included an agreed upon sentence of 216 months imprisonment followed by 5 years'

supervised release.

On November 24, 2014, Defendant filed a motion seeking to reduce his sentence

pursuant to a subsequent amendment to the sentencing guidelines that resulted in a lower offense

level for the offense to which he pleaded guilty. The Court referred the motion to the screening

committee, R. Doc. 641, which recommended the motion be denied, as Defendant was sentenced as a career offender, making Defendant ineligible for relief under § 3582. Thereafter, on May 25, 2016, Defendant filed a motion to vacate the Court's order denying relief pursuant to § 3582, arguing that the residual clause of the career offenders Guidelines was unconstitutionally vague. R. Doc. 666. On December 1, 2016, the Court stayed Defendant's proceedings pending the outcome of *Beckles v. United States*, 137 U.S. 886 (2017). On March 6, 2017, the U.S. Supreme Court held in *Beckles* that the Sentencing Guidelines were not subject to a void for vagueness challenge. As a result, the Court denied Defendant's motion to vacate on September 19, 2017. R. Doc. 681.

## II.     PENDING MOTION

In the instant motion, styled as a "Second Motion to Reduce Sentence re USSC Amendment to 18 USC 3582(c)(2)," Defendant argues the Court committed a manifest error of law in denying his initial request for a reduction of his sentence and submits that failing to correct this error will result in manifest injustice. Although Mr. Guyot's pro se motion is not entirely clear in its request to the Court, it appears Mr. Guyot essentially asks this Court to reconsider its October 7, 2015 order denying his initial Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582, R. Doc. 664, and its September 19, 2017 order denying his motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, R. Doc. 681.

In support of his motion he argues he is entitled to a reduction of his sentence pursuant to Amendment 782 and in light of the U.S. Supreme Court's holding in *Hughes v. United States*, 138 S. Ct. 1765 (2018). In *Hughes*, the Court held that defendants sentenced pursuant to Type-C plea agreements are eligible for sentence reductions if the sentence was based on the applicable guidelines range and that range was part of the framework the district court relied on in imposing sentence.

Defendant first argues that, contrary to the Court's finding in its prior order denying the reduction, he was not sentenced as a career offender, but rather that he was sentenced pursuant to his plea agreement, which he submits did not state what the applicable guidelines range was. Second, he argues that, because his plea agreement is "nearly identical" to the plea agreement at issue in *Hughes*, he is entitled to relief.

## III.    ANALYSIS

The Sentencing Reform Act of 1984 authorizes the United States Sentencing Commission to establish, and retroactively amend, the Sentencing Guidelines. Though the Guidelines are only advisory, *see United States v. Booker*, 543 U.S. 220 (2005), a district court must consult them during sentencing, *id.* at 264, along with other factors specified in 18 U.S.C. § 3553(a), including "the need to avoid unwarranted sentence disparities," § 3553(a)(6). When an amendment applies retroactively, district courts may reduce the sentences of prisoners whose sentences were "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

A district court has continuing jurisdiction over its criminal cases and may reconsider its prior decisions. *See United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). Courts should apply the standards set forth by the Federal Rules of Civil Procedure for motions to reconsider in criminal cases. *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 78-79 (1964)). Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) of the Federal Rules of Civil Procedure governs when the motion is filed within twenty-eight days of the challenged order. FED. R. CIV. P. 59(e). Because Plaintiffs' motion was not filed within twenty-eight days of entry of the

Order & Reasons it challenges, the Court treats the instant motion as one brought pursuant to Rule 60(b).

Under Rule 60(b), a district court may reconsider an earlier order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief. FED. R. CIV. P. 60(b).

In his motion, Defendant submits the Court committed manifest error when it concluded he had been sentenced as a career offender. Contrary to Defendant's assertion, however, he qualified as a career offender at the time of sentencing. Having pleaded guilty to Count One the Superseding Indictment on July 27, 2012, Defendant had three convictions for controlled substance offenses, qualifying him as a Career Offender.[1] Thus, at the time of sentencing, Defendant had a total criminal offense level of 34 and fell into criminal history category VI.[2] As a result, Defendant's Guidelines rage was 262 to 327 months. On October 7, 2015, Judge Duval sentenced Defendant to a below Guidelines range sentence of 216 months, pursuant to Defendant's "Type C" plea agreement with the Government.

Although his plea agreement is similar to the agreement at issue in *Hughes*, Defendant has offered no evidence challenging his career offender status and has not otherwise set forth

---

[1] Specifically, on May 31, 1995, Defendant was convicted of possession with intent to distribute cocaine, in United States District Court, Eastern District of Louisiana, No. 95-050; and on July 23, 2003, Defendant was convicted of conspiracy to distribute cocaine, under Dkt. #320683"B."

[2] In his motion, Defendant states his criminal history category was III. He does not offer any support for this assertion. At the time of sentencing, Defendant had a total of six criminal history points and a criminal history category of IV; however, because Defendant is also considered a career offender, his criminal history category "in every case . . . shall be Category VI," pursuant to USSG § 4B1.1(b).

sufficient reasons under Rule 60(b) justifying reconsideration. As a result, the Court will deny the motion.

## IV.    CONCLUSION

Therefore,

**IT IS ORDERED** that Guyot's Second Motion to Reduce Sentence re USSC Amendment to 18 USC 3582(c)(2), R. Doc. 706, is hereby **DENIED**.

New Orleans, Louisiana this 22nd day of October, 2018.

**UNITED STATES DISTRICT JUDGE**