UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICAN | * | CRIMINAL ACTION |
| | * | |
| versus | * | No. 03-355 |
| | * | |
| DERRICK CHRIS GUYOT | * | SECTION "L" |

## ORDER AND REASONS

Pending before the Court is Petitioner Derrick Chris Guyot's motion for compassionate release. R. Doc. 749. The government opposes the motion. R. Doc. 755. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

In November 2003, a federal Grand Jury originally returned an eleven (11) count Indictment against Derrick Chris Guyot ("Mr. Guyot") and ten co-defendants for violations of the Federal Controlled Substances Act. R. Doc. 1. In 2004, the government superseded charges, but was unable to apprehend Guyot until late July 2010. R. Docs. 308, 562. In the interim, Guyot's co-defendants either pled guilty or proceeded to trial, and all were convicted. Guyot pled guilty to Count 1 of the Superseding Indictment pursuant to a plea agreement. R. Docs. 621-22, 635. The district court sentenced Guyot to 216 months of imprisonment followed by a five (5) year term of supervised release. R. Doc. 636 at 2-3. Guyot is currently incarcerated at FCI Bennettsville with a projected release date of January 5, 2028. Once released from federal prison, Mr. Guyot will enter Louisiana state custody to serve the remainder of his state sentence. R. Doc. 755 at 18.

### II. PRESENT MOTIONS

On December 18, 2020, Mr. Guyot filed the instant *pro se* motion for compassionate

release. R. Doc. 749 at 3. Mr. Guyot argues that extraordinary and compelling circumstances exist that warrant his release because he suffers from Type II Diabetes Mellitus, Hypertension, Stage 3 Kidney Disease, Obesity, Peripheral Vascular Disease and Astigmatism while incarcerated at FCI Bennettsville. *Id.* at 4. Mr. Guyot further argues that his release to Louisiana state detention to serve a prison term weighs in favor of release, along with his participation in various prison certificate programs and his detailed release plan. *Id.* at 10-11. Mr. Guyot also seeks the appointment of counsel, R. Doc. 750, and the release of his medical records, R. Doc. 751 to assist in his efforts to obtain relief.

The Government opposes the motion for compassionate release. R. Doc. 755. The Government acknowledges that Mr. Guyot has exhausted his administrative remedies, and that he establishes "extraordinary and compelling circumstances" that justify release. *Id.* at 10. However, the Government insists that Mr. Guyot remains a significant danger to the safety of the community and that the applicable § 3553(a) factors weigh against his release. *Id.* at 16. The Government points out that Mr. Guyot has several state and federal convictions involving the distribution of illegal narcotics and committed numerous infractions while incarcerated. *Id.* at 16. Furthermore, the Government argues that Mr. Guyot fails to show how his condition will improve if released into Louisiana state prison on his state detainer, and regardless, this improvement does not outweigh the federal government's interest in having Mr. Guyot complete his federal prison sentence. *Id.* at 19.

### III. LAW & DISCUSSION

    a. **Constitutional Right to Counsel**

The constitutional right to counsel extends only to the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir.

1995) (holding no statutory or constitutional right to appointed counsel for an 18 U.S.C. 3582(c) motion); *United States v. Short*, No. 96-0232, 2016 U.S. Dist. LEXIS 37897, at *6 (E.D. La. 2002) (same). However, in the interest of justice, the court may appoint counsel to assist a defendant post-conviction in some circumstances. 18 U.S.C. 30068A(a)(2). In determining whether to appoint counsel, courts consider if "the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing the claim." *United States v. Howard*, No. 4:18-CR-46-4, 2020 U.S. Dist. LEXIS 153242, at *2 (E.D. Tex. Aug. 21, 2020) (citations omitted). The interests of justice would not require the assistance of counsel in cases not involving "complicated or unresolved issues". *United States v. Willard*, 481 F. App'x 915, 917 (5th Cir. 2012).

In general, motions for compassionate release are not considered factually or legally complex. *See, e.g.*, *United States v. Wilfred,* No. CR 07-351, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020) (noting the compassionate release motion at issue was "not complex"); *United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("A claim for compassionate release is not particularly complex factually or legally"). Courts often find that defendants can adequately present their compassionate release claims *pro se*, and that counsel would not help in their efforts to obtain release. *See e.g., United States v. Hames*, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant who submitted well-reasoned motions and provided no basis to suggest that "appointment of counsel would help him obtain relief").

Here, Mr. Guyot has filed a well-reasoned *pro se* motion for compassionate release. The Court is not convinced that counsel would assist him in his efforts to obtain compassionate release. Additionally, the Government has provided recent medical records sufficient to confirm Mr.

3

Guyot's alleged conditions. See R. Doc. 755, Exhibit C. Thus, an order directing the Bureau of Prisons to release Mr. Guyot's medical records is not necessary for the Court to make an informed ruling on this matter.

### b. Motion for Compassionate Release

#### i. Exhaustion of Administrative Remedies

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c). The Court concludes that Mr. Guyot has satisfied this requirement. R. Doc. 755 at 10. Mr. Guyot petitioned his warden for release on June 1, 2020 and waited the requisite 30 days before filing the instant motion with the Court. R. Doc. 749 at 15.

#### ii. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) provides that a district court may reduce the grant compassionate release if

> (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C.A. § 3582(c)(1)(A). Although the relevant policy statement has not yet been amended to reflect the First Step Act of 2018, the policy statement remains instructive to the Court's determination of whether extraordinary and compelling reasons warrant a sentence modification.

*See United States v. Reed*, 464 F. Supp. 3d 854, 860 (E.D. La. 2020) (Fallon, J.) (analyzing the discrepancy between the Sentencing Commission's policy statement and the First Step Act). In relevant part, the policy statement explains that an extraordinary condition exists if the defendant suffers from a terminal illness or another "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 cmt. 1(a).

In cases where an inmate's motion is premised on the ongoing global outbreak of COVID-19, courts typically require an inmate to demonstrate "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *James*, 2020 WL 3567835 (quoting *United States v. Feiling*, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases)). "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.23." *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (quoting *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)). Indeed, if general concerns about COVID-19 constituted extraordinary and compelling reasons, all incarcerated individuals would qualify for compassionate release.

Mr. Guyot suffers from a variety of chronic medical conditions, including chronic kidney disease (stage III moderate), hypertension, obesity, peripheral vascular disease, and Type II diabetes mellitus. R. Doc. 755. Here, the Court agrees with the government's position that Mr. Guyot's underlying medical conditions combined with COVID-19 likely constitute extraordinary and compelling reasons that may warrant his release. *Id.* at 15.

Nevertheless, there is no evidence that Mr. Guyot's medical conditions currently impact his ability to provide "self-care within the correctional facility." *See United States v. Delco*, No. 09-57, 2020 U.S. Dist. LEXIS 141331, at *4-5 (E.D. La. Aug. 7, 2020). The medical records indicate that Mr. Guyot is prescribed medication for his diabetes, hypertension, high cholesterol, and peripheral vascular disease. R. Doc. 755, Exhibit C (Sealed). Further, Mr. Guyot has been referred to offsite consultations for vascular surgery to correct an occluded stent. *Id.* The Court recognizes the severity of Mr. Guyot's conditions; however, notes that Mr. Guyot is receiving adequate medical treatment at this time.

### iii. Danger to the Safety of Others and Community

A defendant seeking compassionate release must also demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[1] U.S.S.G. 1B1.13. Mr. Guyot is a considered career offender under the sentencing guidelines and has prior state and federal convictions pertaining to the distribution of illegal narcotics. R. Doc. 755 at 7. Notably, the instant offense occurred while on supervised release from a prior federal conviction. *Id.* at 16. Mr. Guyot then absconded from supervision and eluded arrest for seven years. *Id.* This weighs heavily in favor of finding that Mr. Guyot would be a danger to the safety of the community once released.

The Court commends Mr. Guyot's participation in rehabilitative programs and recognizes the support of his family, but ultimately the Court remains concerned that Mr. Guyot's early release poses a risk to society.

---

[1] Section 3142(g) requires the court to consider certain factors, including the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature of seriousness of the danger to a person or the community at large posed by petitioner's release. 18 U.S.C. § 3142(g).

    **iv.**   **Section 3553(a) Factors**

  Finally, the Court must be satisfied that Mr. Guyot's release is supported by the factors set forth in 18 U.S.C. § 3553(a). Under Section 3553(a), a court considers factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence, and the variety of sentences available.

  For the reasons discussed above, two factors support Mr. Guyot's early release from FCI Bennettsville in light of the ongoing COVID-19 pandemic: the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). However, these factors are outweighed by considerations of "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."

  As the Fifth Circuit recently noted, courts have largely granted compassionate release to "defendants who have already served the lion's share of their sentences." *United States v. Thompson*, No. 20-40381, 2020 WL 37493, at *3 (5th Cir. Jan. 5, 2021); *see e.g.*, *United States v. Rodriguez*, 451 F. Supp. 3d 392, 394, 405, 407 (E.D. Pa. 2020) (reducing sentence to time served, because of COVID, for an inmate who was 1½ years from release after serving 17 years and suffered from diabetes, hypertension, and liver abnormalities); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020) (granting compassionate release for COVID for a defendant who had served over 80% of his reduced sentence and suffered from end stage renal disease, diabetes, and hypertension).

This is not the case for Mr. Guyot, who has served only approximately 55% of his 216-month term of imprisonment sentence. R. Doc. 755 at 1. Mr. Guyot's early release would create a sentencing disparity between him and others with similar convictions, which Section 3553(a) seeks to prevent. *See* 18 U.S.C. § 3553(a)(6). This is especially significant considering that Mr. Guyot's federal conviction carried maximum penalty of life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.

Mr. Guyot's factual basis detailed how he was a prolific drug dealer, having distributed between fifteen (15) kilograms to fifty (50 kilograms of cocaine hydrochloride. R. Doc. 623 at 1, 3. Further, as discussed above, Mr. Guyot pattern of dangerous conduct related to drug trafficking exposes the community to a serious risk. R. Doc. 755 at 16. Overall, the § 3553(a) factors weigh against Mr. Guyot's release. *See United States v. Butler*, 2020 U.S. Dist. LEXIS 61021, at *6 (S.D.N.Y. Apr. 7, 2020) (weighing defendant's criminal history and threat to the community if released and defendant's limited serving of his sentence over defendant's risk of serious illness related to COVID-19 due to his asthma and heart condition).

Lastly, if the Court were to grant Mr. Guyot's motion, he would be released to a state custody to serve the remainder of his state sentence. R. Doc. 749 at 10. It is not clear that Mr. Guyot's situation would improve if released to state prison, and it could very well worsen. Thus, the federal government's interest in seeing Mr. Guyot complete the remainder of his federal prison sentence also disfavors his compassionate release.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for compassionate release, R. Doc. 749 is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel, R. Doc. 750, is **DENIED** and the motion for release of medical records, R. Doc. 751, is **DENIED**.

New Orleans, Louisiana, on this  22nd  day of January, 2021.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE