UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICAN | * | CRIMINAL ACTION |
| | * | |
| versus | * | No. 03-355 |
| | * | |
| DERRICK CHRIS GUYOT | * | SECTION "L" |

**ORDER AND REASONS**

Pending before the Court is Petitioner Derrick Chris Guyot's Motion to Correct Sentence. R. Doc. 775. The government opposes the motion. R. Doc. 779. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

**I. BACKGROUND**

In November 2003, a federal Grand Jury originally returned an eleven count Indictment against Derrick Chris Guyot ("Mr. Guyot") and ten co-defendants for violations of the Federal Controlled Substances Act. R. Doc. 1. In 2004, the government superseded charges, but was unable to apprehend Guyot until late July 2010. R. Docs. 308, 562. In the interim, Guyot's co-defendants either pled guilty or proceeded to trial, and all were convicted. Guyot pled guilty to Count 1 of the Superseding Indictment pursuant to a plea agreement. R. Docs. 621-22, 635. The district court sentenced Guyot to 216 months of imprisonment followed by a five (5) year term of supervised release. R. Doc. 636 at 2-3. Guyot is currently incarcerated at FCI Bennettsville with a projected release date of January 5, 2028. Once released from federal prison, Mr. Guyot will enter Louisiana state custody to serve the remainder of his state sentence. R. Doc. 755 at 18.

**II. DISCUSSION**

On January 25, 2023, Mr. Guyot filed the instant *pro se* motion styled as a motion to correct

his sentence. R. Doc. 775. Mr. Guyot asserts that the Bureau of Prisons has miscalculated his sentence and that he is owed a total credit of 3 years and 6 months of time served which has not been applied to his sentence. However, as the Government points out, this Court is without jurisdiction to entertain Mr. Guyot's petition. If an inmate wishes to challenge the calculation of his sentence, he must do so by way of a petition under 28 U.S.C. § 2241. Petitions pursuant to § 2241 must be filed in the district that has jurisdiction over the inmate's custodian, the warden of his facility. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Because Mr. Guyot is incarcerated in Edgefield, South Carolina, the United States District Court for the District of South Carolina would be the proper jurisdiction to consider Mr. Guyot's § 2241 petition. Accordingly, Mr. Guyot's motion must be denied.

### III.  CONCLUSION

For the foregoing reasons, Mr. Guyot's motion, R. Doc. 775, is hereby **DENIED**.

New Orleans, Louisiana, on this 11th day of May, 2023.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE